UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

    v.                **MEMORANDUM AND ORDER**
                    15-CR-320 (WFK)
JAMARD GRACE,

          Defendant.
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 10, 2015, Defendant Jamard Grace ("Defendant") pled guilty to Felon in Possession of a Firearm. ECF No. 17 ("Guilty Plea"). The Court now provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to a serious, meaningful sentence.

## BACKGROUND

On June 29, 2015, Defendant was charged by an Indictment with Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551 *et seq.* ECF No. 9 ("Indictment") at 1. On October 10, 2015, Defendant pled guilty to the Indictment. *See* Guilty Plea at 1.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the Section 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I. Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the

1

Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). 18 U.S.C. § 3553(a) provides a list of reasons for the Court to consider in choosing what sentence to impose on a criminal defendant. Specifically, Section 3553(a) states "[t]he court, in determining the particular sentence to be imposed, shall consider[:]"

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--
   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The Court addresses each of the 18 U.S.C. § 3553(a) factors in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first 18 U.S.C. § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the [D]efendant." 18 U.S.C. § 3553(a)(1). Based on these factors, a significant sentence is justified.

#### a. History and Characteristics of Defendant

Defendant was born on September 27, 1982, in Brooklyn, New York. ECF No. 19 ("PSR") ¶ 33. He has never known his father, but maintains a good relationship with his mother and five half-siblings. *Id.* ¶ 34. Defendant was arrested for a juvenile offense after completing the tenth grade and never returned to school. *Id.* ¶ 42. He currently lives with his girlfriend of ten years and her two children from a previous relationship. *Id.* ¶ 35.

Defendant reported to Pretrial Services that, in 2006, he was shot five times as he was leaving a Brooklyn nightclub. *Id.* ¶ 39. The shooter was never apprehended. *Id.* Defendant maintains that one of the bullets remains lodged in his neck, causing lingering pain. *Id.* Defendant stated that he sought out the care of a psychiatrist due to post-traumatic stress

3

stemming from the incident. *Id.* ¶ 40. He also reported that he smokes marijuana daily in order to help manage his pain. *Id.* ¶ 41.

Defendant has an extensive criminal record dating back to his early teenage years. In 1997, at age 14, Defendant was arrested for displaying a knife and forcibly taking cash and bus passes from a victim. *Id.* ¶ 17. Defendant was convicted of Robbery in the First Degree and adjudicated a youthful offender. *Id.* He was initially sentenced in New York State Supreme Court to five years of probation, but he violated his probation in 1999 and was resentenced to one year of custody. *Id.*

On September 1, 2003, Defendant was arrested for driving a stolen car and charged with Unauthorized Use of a Vehicle. *Id.* ¶ 18. He was convicted in Brooklyn Criminal Court and sentenced to thirty days of custody. *Id.*

On July 10, 2005, Defendant was arrested for selling an unspecified quantity of illegal drugs. *Id.* ¶ 19. During the arrest, Defendant refused to be handcuffed. *Id.* He was convicted of Resisting Arrest, and was sentenced in Brooklyn Criminal Court to fifteen days of custody. *Id.*

On April 16, 2007, at age 24, Defendant was arrested for possession of marijuana and crack cocaine and charged with Attempted Criminal Possession of a Controlled Substance. *Id.* ¶ 20. He was convicted in Brooklyn Criminal Court and sentenced to time served, plus a six-month suspension of his driver's license. *Id.*

Four months later, on August 16, 2007, Defendant was arrested in possession of marijuana and a loaded firearm. *Id.* ¶ 21. He was charged with Unlawful Possession of Marihuana and Criminal Possession of a Controlled Substance, and sentenced in Brooklyn Criminal Court to three years of probation. *Id.*

Four months later, on December 8, 2007, Defendant was again arrested and charged with Criminal Possession of Marihuana. *Id.* ¶ 22. He was sentenced in Brooklyn Criminal Court to time served, plus a six-month suspension of his driver's license. *Id.*

Six months later, on June 3, 2008, Defendant was arrested and charged with Criminal Possession of Marijuana in a Public Place. *Id.* ¶ 23. He was sentenced in Brooklyn Criminal Court to a conditional discharge, seven days of community service, and a six-month suspension of his driver's license. *Id.*

Three months later, on September 21, 2008, Defendant was arrested and charged with Criminal Possession of a Weapon in the Third Degree, a Class D felony. *Id.* ¶ 24. According to court records, police officers were dispatched to the scene of an assault in progress. *Id.* Upon arriving at the location, an officer observed Defendant throw a handgun and a plastic bag containing over a half pound of marijuana down a flight of stairs. *Id.* Defendant was pursued by the police and forcibly resisted arrest, but was eventually subdued. *Id.* He was convicted on July 15, 2010 in New York State Supreme Court and sentenced to five years of probation. *Id.*

On July 2, 2013, at the age of 30, Defendant was arrested while driving under the influence of alcohol and with a suspended license. *Id.* ¶ 25. He was convicted of Driving Under the Influence of Alcohol and Aggravated Unlicensed Operation of a Motor Vehicle, and sentenced in New York State Supreme Court to one day of custody, a conditional discharge, and a fine of $500.00. *Id.*

Defendant was again arrested for driving with a suspended license on March 17, 2014. *Id.* ¶ 26. He was convicted of Aggravated Unlicensed Operation of a Motor Vehicle and sentenced in Brooklyn Criminal Court to seven days of custody. *Id.*

On May 1, 2015, Defendant was arrested after allegedly assaulting two women in the head and face while shouting anti-gay comments at them. *Id.* ¶ 27. Arresting officers found Defendant in possession of crack cocaine and an open container of alcohol. *Id.* He was convicted of Disorderly Conduct and sentenced in Brooklyn Criminal Court to a conditional discharge. *Id.*

### b. Nature and Circumstances of the Offense

According to the Presentence Investigation Report filed in this case, Defendant was stopped by police officers for running a red light at the intersection of Palmetto and Bushwick Avenue in Brooklyn, New York on June 7, 2015. *Id.* ¶ 3. When the officers asked Defendant for his driver's license, he stated that he did not have one because it had been suspended. *Id.* The officers subsequently placed Defendant under arrest and performed an inventory search of his vehicle. *Id.* During the search, the officers recovered a loaded .22 caliber revolver inside of a sneaker box in the back seat of the vehicle. *Id.* They also recovered ammunition from the trunk of the vehicle. *Id.* Because of Defendant's July 15, 2010 conviction for Criminal Possession of a Weapon in the Third Degree, a Class D felony, he is prohibited by federal law from possessing a firearm.

## 2. The Need for the Sentence Imposed

The second 18 U.S.C. § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court will address each subsection in turn.

### a. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment

The Court finds that a significant sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Defendant, fully aware of his prior felony conviction, concealed a loaded handgun in a sneaker box in the back seat of a car he was driving. Defendant's extensive criminal record demonstrates that he is precisely the type of individual whom Congress sought to prevent from possessing such a deadly weapon, and his sentence will satisfy the goal of the Gun Control Act to "keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Barret v. United States*, 423 U.S. 212, 218 (1976).

### b. Affording Adequate Deterrence to Criminal Conduct

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." *Davis*, 2010 WL 1221709, at *2. The Court finds that a significant sentence of incarceration is also necessary to afford adequate deterrence, both specific and general, to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

Regarding specific deterrence, Defendant is a career criminal who has flouted the law since the age of fourteen. Defendant's persistent criminality after multiple convictions, for which he received laughably lax judicial slaps on the wrist, mandates that this Court impose a serious sentence of lengthy incapacitation to deter him from continuing this trend. *See United States v. Park*, 758 F.3d 193, 201 (2d Cir. 2014) (noting particular need for incapacitation and

specific deterrence given defendant's continued criminal activity after prior convictions). Regarding general deterrence, the Court finds that a significant sentence will discourage convicted felons from possessing or attempting to possess firearms in contravention of federal law.

### c. Protecting the Public from Further Crimes of the Defendant

As noted above, Defendant is a career criminal whose offenses include the aggravated unlicensed operation of a motor vehicle, the sale and possession of illegal narcotics, armed robbery, public intoxication and violence, and the unlawful possession of deadly weapons. The only way to protect the public from Defendant's continued pursuit of criminal activity is to incarcerate him for a significant period of time.

### d. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Defendant does not require additional educational or vocational training, medical care, or other correctional treatment. Accordingly, this factor is not relevant.

### 3. The Kinds of Sentences Available

The third 18 U.S.C. § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Felon in Possession under 18 U.S.C. § 922(g)(1). *See* Guilty Plea at 1. This count carries a maximum imprisonment term of ten years, 18 U.S.C. § 924(a)(2), and a maximum supervised release period of three years, 18 U.S.C. § 3583(b)(2). In addition, because this count is a Class C Felony, Defendant is eligible for not less than one nor more than five years of probation, with one or more of the following conditions: a fine, restitution, or community service. 18 U.S.C. §§ 3561(c)(1), 3563(a)(2). Defendant faces a maximum fine of

$250,000.00, 18 U.S.C. § 3571(b), and a mandatory special assessment of $100.00, 18 U.S.C. § 3013. Restitution is not applicable in this case. 18 U.S.C. § 3663. Accordingly, the Court's sentence falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth 18 U.S.C. § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for[] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced[.]" 18 U.S.C. § 3553(a)(4)(A).

Defendant has a base offense level of twelve pursuant to Guideline 2K2.1, which governs convictions under 18 U.S.C. § 924(a). U.S. Sentencing Guidelines Manual § 2K2.1 (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). Because Defendant demonstrated acceptance of responsibility for the offense, a decrease of two offense levels is permitted by the guidelines. *Id.* § 3E1.1(a).

Taking this adjustment into account, Defendant's offense level is ten. *See* PSR ¶ 16. With a criminal history category of III, Defendant's guidelines sentencing range is ten to sixteen months. *See* U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2015). Defendant is eligible for a supervised release term of one to three years. *Id.* § 5D1.2(a)(2). Defendant is ineligible for probation because the applicable guidelines range is in

Zone C of the Sentencing Table. *Id.* § 5B1.1(a). The guidelines suggest a fine of $2,000 to $20,000. *Id.* § 5E1.2(c)(3). The Court must consider costs of prosecution in determining whether to impose a fine. *See id.* § 5E1.5; PSR ¶ 56.

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth 18 U.S.C. § 3553(a) factor requires the Court to evaluate "any pertinent policy statement [] issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and [] that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5).

Policy Statement § 5H1.8, in conjunction with § 4A1.3, provides that a defendant's criminal history may warrant an upward departure if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. U.S.S.G. §§ 5H1.8, 4A1.3(a). Because the ultimate disposition of five of Defendant's offenses—including convictions for armed robbery, operating a stolen vehicle, possessing crack cocaine, and allegedly punching innocent victims in the face—did not provide any criminal history points under the guidelines analysis, *see* PSR ¶¶ 17-19, 26-27, this case warrants an upward variance from the advisory guidelines range.

### 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth 18 U.S.C. § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Felon in Possession of a Firearm, which carries a maximum imprisonment term of ten years of incarceration. *See* Guilty Plea at 1; 18 U.S.C. § 924(a)(2). Accordingly, a sentence of up to ten years imprisonment is not beyond the pale for Defendant's crime, and avoids disparities with other federal sentences which recognize the severity of such a crime.

In addition, "[t]he New York state statute, while not directly applicable, provides a useful indication of how this crime would be treated" under state law. *United States v. Ferranti*, 928 F. Supp. 206, 214 (E.D.N.Y. 1996) (Weinstein, J.). The New York state analog to Defendant's crime is Criminal Possession of a Weapon in the Third Degree, which carries a sentence of up to seven years of imprisonment. *See* New York Penal Law §§ 265.02(1), 70.00(2)(d). A substantial prison sentence therefore would not create a disparity with New York State sentences for similar defendants.

### 7. The Need to Provide Restitution

Lastly, the seventh 18 U.S.C. § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in Defendant's case. *See* 18 U.S.C. § 3663. Accordingly, this factor is not relevant.

## CONCLUSION

Insanity consists of doing the same thing over and over again, expecting a different result. A sentence of twenty-four months of incarceration, to be followed by two years of supervised

11

release, with the $100.00 mandatory assessment fee, is appropriate and comports with the dictates of Section 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2016
      Brooklyn, New York